UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY KEVIN COLLINS,

        Plaintiff,

v.                              Case No. 3:05-cv-478-J-16MCR

CITY OF DAYTONA BEACH, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate confined at Volusia County Jail who is proceeding pro se and in forma pauperis, initiated this action on May 19, 2005, by filing a civil rights complaint form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff names the following Defendants: Police Officer Krosschell, Sergeant Blaine and Sergeant Burkett. Complaint at 6-7. On the first page of the Complaint, Plaintiff refers to the City of Daytona Beach as a Defendant; however, the City is not listed as an individual Defendant on pages 6-7.

Plaintiff makes the following allegations under the Statement of Claim. He states that he thinks his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments have been violated by the Defendants' acts of profiling, making a bad stop, conducting an illegal search and seizure and falsely arresting and imprisoning him.

In the statement of facts, Plaintiff claims that on March 6, 2004, at the City of Daytona Beach, Florida, he was walking with a friend, when Officer Krosschell pulled up to the friend to question her. Plaintiff stopped, lit a cigarette and waited for his friend. Officer Krosschell asked Plaintiff if he had any identification, and he said no. Sgt. Burkett and Sgt. Blaine pulled up behind Plaintiff in their vehicle with their lights off. Burkett put Plaintiff in a choke hold and searched Plaintiff's pockets. Sgt. Blaine joined him. They found three pieces of crack cocaine and a crack glass pipe.

Plaintiff states that he was not physically hurt; however, he claims he suffered great mental anguish and emotional stress. When Plaintiff asked Officer Krosschell what he was being arrested for, she responded that when you drop a cigarette on the ground you are littering. Plaintiff was charged with possession of a controlled substance, possession of paraphernalia and littering. Plaintiff was taken to jail. Plaintiff apparently wants to raise a claim of malicious prosecution against the State Attorney's Office. As relief, Plaintiff seeks monetary damages for emotional pain and suffering and punitive damages.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28

U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution

> or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

To the extent Plaintiff is raising a claim against the State Attorney, the claim goes to the prosecution of Plaintiff for a criminal offense. "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999), Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). In sum, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004)(citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

Upon review, Plaintiff is claiming that there was an illegal search and seizure, false arrest and imprisonment. There is no assertion of physical injury. In fact, Plaintiff states he was not physically hurt. Complaint at 9. Plaintiff is seeking compensatory and punitive damages for emotional pain and suffering.

With respect to 42 U.S.C. § 1997e(e), the Eleventh Circuit has stated:

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody.

Napier v. Preslicka, 314 F.3d 528, 531-532 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and his alleged injuries occurred while he was in custody. Specifically, the alleged injuries were suffered during a custodial episode ("any situation in which a reasonable individual would feel a restraint on his movement such that he would not fee free to leave").  <u>Napier</u>, 314 F.3d at 532. Furthermore, Plaintiff did not suffer any physical injury; however, he is seeking compensatory and punitive damages for mental or emotional injury. Therefore, Plaintiff's action, as currently set forth, is barred by § 1997e(e) as long as he remains incarcerated.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.   The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June, 2005.

_____
JOHN H. MOORE II
United States District Judge

sa 6/1
c:
Anthony Kevin Collins